Argued March 12, affirmed April 1, 1919.

# ROGERS *v*. WILLS.

(179 Pac. 676.)

**Appeal and Error—Review—Contradictory Evidence.**

1. Evidence that is contradictory and very evenly balanced will not be reviewed on appeal.

**Principal and Agent—Delivery of Deed to Unauthorized Agent—Ratification—Knowledge.**

2. That grantees, expecting grantors to execute deed, spoke of property as their own, did not ratify the action of grantors in secretly executing deed and without knowledge of grantees delivering it to real estate agent who negotiated transaction and was not authorized to accept deed.

**Brokers—Authority—Acceptance of Deed.**

3. Broker, negotiating real estate exchange transaction, was not authorized to accept deed without due authorization by grantees.

**Deeds—Delivery to Unauthorized Agent.**

4. Delivery of deed to real estate agent who negotiated real estate exchange transaction, who was without authority from grantees to accept deed, did not constitute a delivery to grantees.

**Deeds—Delivery—Custody of Agent.**

5. Delivery of deed to grantees was a good and complete delivery passing title, which could not revest in grantor by reason of the fact

that grantee immediately surrendered custody of conveyance to agent negotiating transaction as security for his commission.

[As to delivery of deeds, see notes in 16 Am. Dec. 35; 58 Am. Rep. 289; 53 Am. St. Rep. 537.]

**Trial—Instruction—Necessity—Action for Breach of Contract.**

6.   In action for breach of contract to convey, defended on ground that deed had been delivered, court's refusal to instruct that delivery, where in fact made, was not affected by the deed's again coming under control of grantors, was error, where there was evidence that deed which had never been recorded had again come into possession of grantors, since such evidence might lead jury to think the title had remained in grantors.

**Trial—Instruction—Necessity—Action for Breach of Contract.**

7.   Court's refusal to instruct that the delivery of the deed was not affected by the nonrecording of deed or by fact that it was being held by agent as security for payment of commission was for the same reason also error.

**Trial—Duty of Court—Instructions.**

8.   A recent amendment to the Constitution which inhibits the court from passing on the weight of testimony upon a motion for new trial imposes upon the trial court the duty of seeing that the law by which the jury shall measure the facts shall be accurately stated.

**New Trial—Grounds—Instructions.**

9.   Where, in the hurry of a trial, a mistake has been made which might have had an influence upon the verdict, the mistake should be corrected in lower court by granting of a new trial.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.

This is an appeal by the plaintiffs from an order of the Circuit Court setting aside a verdict and granting a new trial. Plaintiffs brought an action against defendants for breach of contract to convey certain lots in what is designated as Pinehurst Addition situated in Clackamas County, Oregon. The complaint alleged in substance that plaintiffs entered into a written agreement to exchange Lots "N," "O," and "P" in Block N–3, Rob Roy Subdivision in the City of Portland, for the east one half of Lot 14 in Pinehurst, defendant further agreeing to assume a mortgage of $1,150.00, which was upon the Rob Roy property; that

92 Or.—2

upon September 30, 1916, plaintiffs made and delivered to defendants a warranty deed to the Rob Roy lots, which defendants accepted and placed upon record, and thereupon took possession of the property, and continued to remain in possession and treat it as their own; that upon the delivery of said deed plaintiffs demanded a conveyance of the Pinehurst property, but that defendants refused to convey the same; that by the terms of the contract said conveyance was to be delivered to plaintiffs at the same time their conveyance of the Rob Roy lots was delivered to defendants, and that by defendants' refusal to convey as aforesaid, plaintiffs are damaged in the sum of $2,500.

A second cause of action set forth substantially the same facts, with the additional allegation that the defendant, Chas. E. Wills, prepared the deed of conveyance, by which plaintiffs conveyed the Rob Roy lots to defendants; that at the time plaintiffs signed said deed they did not notice, and were not aware of the fact, that said deed did not contain a provision whereby said defendants would assume said mortgage, as provided in the contract, and that defendants have refused and still refuse to assume the mortgage, whereby plaintiffs are damaged in the sum of $1,150.

Defendants answered, admitting the execution of the warranty deed by plaintiffs, and denied generally all the other allegations contained in plaintiffs' causes of action.

For a further defense defendants set up substantially the ownership of Chas. E. Wills in the Pinehurst lot, and of the plaintiffs in the Rob Roy lots, and alleged that said lots were subject to a mortgage made to secure a note in favor of D. M. Rinard, due two years after January 25, 1916, with interest at 8 per cent per annum, payable quarterly; that plaintiffs de-

faulted in the quarterly installment of interest on July 26, 1916, and that thereupon the mortgagee elected to foreclose said mortgage, and so notified plaintiffs; that thereupon plaintiffs instructed their duly authorized agent, J. M. Shearer, to effect a sale or exchange of said Rob Roy lots, subject to said mortgage and accrued interest, and that said agent, on September 13, 1916, effected a meeting between plaintiffs and defendant, Chas. E. Wills, and they then and there signed and delivered to said defendant an option, whereby they, in consideration of Wills transferring to them the Pinehurst property, agreed to transfer to him the Rob Roy lots, subject to the $1,150 mortgage and accrued interest; that thereafter defendant Chas. E. Wills elected to and did exercise the terms of said option, and notified plaintiffs to prepare an instrument of conveyance to him, conveying the Rob Roy lots; that plaintiffs notified Chas. E. Wills of their financial inability to have said conveyance prepared, and requested and instructed him to have the same prepared, subject to said mortgage and accrued interest, which he did and sent the conveyance to plaintiffs to be executed; that thereafter on September 16, 1918, defendant made and executed a good and sufficient warranty deed, in favor of plaintiffs, to the Pinehurst property, his wife, Margie M. Wills, joining therein to bar her dower; that defendant Chas. E. Wills delivered said deed to plaintiff, Ella Rogers, who thereupon delivered to him the warranty deed executed by all the plaintiffs; that immediately upon the delivery of the deed by defendants to Ella Rogers, she turned the same over to J. M. Shearer, who, to defendants' best knowledge and belief, is still in possession thereof; that to prevent the threatened foreclosure of the mortgage aforesaid, defendant Chas. E. Wills, assumed the same and payment thereof

with interest, and did pay the interest overdue and has continued to assume said mortgage and to pay said interest, as the same became due, according to its tenor; that the principal is not due and cannot be paid until January 25, 1918; that plaintiffs have, ever since September 30, 1916, by word, act and deed, exercised ownership of said Pinehurst property, holding themselves out as the owners thereof, and admitting the execution and delivery of a deed thereto by defendants to them; that they have suffered no damage; and that defendants are now ready and willing to make a duplicate deed to plaintiffs of said property, if the original is lost or unavailable, if the court shall deem such execution and delivery proper.

There was a reply putting in issue the new matter, and upon the trial there was a verdict in favor of plaintiffs for $1,600 damages.

There was evidence introduced on behalf of the plaintiffs tending to show that no conveyance of the Pinehurst property had been tendered to them; that they had been promised such a deed from time to time, and that they had no knowledge of the execution of such deed and its delivery to Shearer, until Mr. Wills showed them a deed which he had prepared and executed but refused to deliver until plaintiffs had paid certain commission on the sale claimed by Shearer.

On the part of the defendants there was evidence tending to show that defendants had prepared and executed a deed, in accordance with the option, and delivered it to Mrs. Rogers, one of the plaintiffs, who in turn at once delivered it to Shearer, to hold as security for commissions claimed by him as agent for the plaintiffs in negotiating the exchange of properties.

There was a motion for a new trial, which the court granted, assigning as a reason therefor the following alleged errors:

"That there was no evidence in the case on which to base a verdict for that the plaintiffs had accepted and dealt with as their own the property contracted to be exchanged with them by the said defendant, and the plaintiffs had ratified the action of their agents in dealing with said property formerly belonging to defendants as the plaintiffs' own property, and that therefore, the verdict was against the law, and by reason thereof, a motion for nonsuit should have been allowed in the first instance upon motion of attorney for defendants, and a directed verdict in favor of the defendant should have been allowed at the close of the testimony.

"That the court committed error in not giving the following instruction, which was not included either in words or substance in the court's general instructions: 'The court further instructs the jury that if you find delivery of the deed in question has, in fact, been made by defendants to plaintiffs, or their agent, authorized to receive delivery, such delivery, if in fact so made, cannot be affected by the fact that the deed of conveyance might subsequently again come under the control of the grantors, and defendants in this case.'

"That there was evidence in the case to justify the giving of the said instruction.

"That the court committed error in not giving the following instruction, which was not included either in words or substance in the court's general instructions: 'You are further instructed that if you find that delivery of the deed in question was in fact made by defendants to plaintiffs, or their agent, but that said deed was not recorded and was held by said agent or any other person as security, or for any other reason, such non-recording or agreement to hold said deed, cannot affect said delivery, if in fact made, and you must find for defendants and against plaintiffs.'

"That there was evidence in the case to justify the giving of the said instruction.

"That the court committed error in not giving the following instruction, which was not included either in words or substance in the court's general instruction:

'The court further instructs the jury that if you find that plaintiffs, after the alleged exchange and delivery, treated the Pinehurst acreage property as their own, and voluntarily surrendered their Portland property to defendants, then, in that case, you may take such facts into consideration in determining whether delivery of the deed from the Wills to the Rogers had in fact been made.'

"That there was evidence in the case to justify the giving of the said instructions."

From the order setting aside the verdict and granting a new trial, plaintiff appeals.          AFFIRMED.

For appellants there was a brief over the names of *Mr. Samuel B. Lawrence* and *Messrs. Peters & Turner,* with oral arguments by *Mr. Lawrence* and *Mr. R. F. Peters.*

For respondent there was a brief over the names of *Mr. John F. Logan* and *Mr. Walter S. Klein,* with an oral argument by *Mr. Logan.*

McBRIDE, C. J.—1. The evidence in this case is exceedingly contradictory and indicates that the witnesses on one side or the other were guilty of wholesale deliberate perjury. The evidence seems very evenly balanced, and under such circumstances we are not disposed to retry the facts here, as suggested by plaintiffs' counsel.

2–5. There was no error committed by the court in refusing to grant a nonsuit. If, as plaintiffs contend, they expected Wills to comply with his contract, and make and deliver them a deed when his wife had executed it, the fact that based upon such expectations they spoke of the property as their own, would not ratify the action of defendants in secretly making a

conveyance and delivering it to Shearer without plaintiff's knowledge. There was nothing in Shearer's relation to the case in promoting the exchange, which, of itself, would make him the agent of the plaintiffs authorized to accept the deed in their behalf, and such a delivery, without some further authorization by plaintiffs, would not constitute a delivery to them. In fact, the defendant does not claim in his testimony, nor do his witnesses testify, that the deed was delivered by him to Shearer as plaintiffs' agent. On the contrary, defendant claims, and his testimony tends to show, that he delivered the deed to Mrs. Rogers herself, which, if true, was a good and complete delivery passing the title, which could not revest in defendant by reason of the fact that Mrs. Rogers immediately surrendered the custody of the conveyance to Shearer.

The action of the court in overruling defendants' motion for a nonsuit was correct and furnished no ground for setting aside the verdict.

6, 7. The court erred in not giving the first requested instruction quoted in our statement. There was some testimony on the part of plaintiff to the effect that subsequent to the date when Wills claims he delivered the deed to Mrs. Rogers, and to its alleged transfer by her to the possession of Shearer, Mr. Lawrence, acting for plaintiffs, asked to see the deed and that Wills left the room a moment and returned with the deed and handed it to Lawrence. Inasmuch as the deed had never been recorded, a jury of laymen might conclude that even if it had been delivered to Mrs. Rogers, as defendant claimed, and subsequently came back into defendant's possession before being recorded, the title was still in defendants. For the same reason the second request quoted above should have been given and the refusal so to instruct was error.

Neither of the points involved here was sufficiently covered by the general instruction, and the refusal to give these requests would have constituted reversible error on appeal had the judgment been allowed to stand.

8, 9. We are of the opinion the court was justified in granting a new trial. The recent amendment to the Constitution, which inhibits the court from passing on the weight of testimony upon a motion for new trial, imposes upon the trial court the duty of seeing that the law by which the jury shall measure the facts shall be accurately stated, and if, as often happens in the hurry of a trial, a mistake, which might have an influence upon the verdict, has been made, the proper place to correct it and save ultimate needless expense is in the Circuit Court, and the proper method is by granting a new trial.

The order of the Circuit Court is affirmed.

AFFIRMED.

BEAN, JOHNS and BENNETT, JJ., concur.